IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHANNON WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV446 |
| | ) | |
| v. | ) | |
| | ) | |
| REYNOR RENSCH & PFIEFFER, et al., | ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiff's Motion to Remove Facts From the Complaint (Filing No. 15), Objections to Notice of Removal (Filing Nos. 16 and 21), and Motion to Dismiss Without Prejudice Specific Allegations (Filing No. 41). Also pending are numerous other motions filed by the parties. As set forth below, this matter will be remanded to the Douglas County, Nebraska, District Court.

### *MOTION FOR RECUSAL*

As an initial matter, the Court addresses plaintiff's Motion to Disqualify, which is liberally construed as a Motion for Recusal (Filing No. 39). Plaintiff also seeks recusal of the undersigned in his Objection to Transfer of Case (Filing No. 36). In his Motion for Recusal, plaintiff requests that the undersigned recuse himself from this matter because the undersigned presided over plaintiff's recent federal criminal trial and failed to "rule[] in favor of the Plaintiff." (Filing No. 39.)

The Court has carefully reviewed plaintiff's Motion and Objection. In accordance with 28 U.S.C. 455(a), the Court finds that there is nothing indicating that the Court's "impartiality might reasonably be questioned" or that there is any other basis for recusal or reassignment in this matter. Furthermore, plaintiff has not filed an affidavit sufficient to trigger the provisions of 28 U.SC. § 144.

### *BACKGROUND*

Plaintiff filed this matter on November 3, 2011, in the District Court of Douglas County, Nebraska (Filing No. 1-1, Attach. 1, at CM/ECF pp. 1-15). Because the complaint contained allegations relating to violations of plaintiff's federal constitutional rights, defendants removed this matter to this Court on December 30, 2011 (Filing No. 1).

On January 23, 2012, plaintiff filed a Motion to Remove Facts, in which he requested that the Court remove the two facts alleging that "his civil rights were violated under the United States Constitution" and the single fact alleging a "clear violation of federal law" from his complaint (Filing No. 15 at CM/ECF p. 1). Plaintiff simultaneously filed an Objection to the Notice of Removal, which the Court liberally construes as a Motion to Remand (Filing No. 16). In his Objection, plaintiff asserts that, if his Motion to Remove Facts is granted, all references to federal law and federal claims have been removed

and this Court lacks subject matter jurisdiction over this matter. (*Id.*) Three days later, on January 26, 2012, plaintiff filed a second Objection to the Notice of Removal in which he reiterated his previous request to remove all references to federal law and federal claims and remand this matter to state court (Filing No. 21).

Also on January 26, 2012, plaintiff filed an Amended Complaint (Filing No. 22). The Amended Complaint deletes all references to the United States Constitution and "violations of federal law." (*Id.*) However, it asserts claims relating to "wire fraud," "a pattern of racketeering activity," the involvement of the U.S. Attorney and the "United States" as plaintiff's "adversar[y]," and "extortion." (*Id.*) In opposition to the Objections to the Notice of Removal, defendants filed reply briefs asserting that the allegations in the Amended Complaint stated federal claims under the Racketeer Influenced and Corrupt Organization Act ("RICO") (Filing Nos. 27, 29, 30, and 31). Plaintiff responded to defendants' assertions, stating that he is only alleging "state law violations" and requested that the Court "remove the RICO and wire fraud allegations altogether" and "order this lawsuit back to Douglas County Court." (Filing No. 34 at CM/ECF pp. 1-2.)

On February 24, 2012, plaintiff filed a separate Motion to Dismiss Without Prejudice Specific Allegations, which the

Court liberally construes as a Motion to Amend (Filing No. 41). In this Motion, plaintiff requests that the Court "dismiss without prejudice all of the allegations that refer to federal law violations" including any and all "RICO allegations and wire fraud allegations." (*Id.*) Plaintiff also states that he cannot bring his federal claims because he must first successfully challenge his conviction prior to bringing a civil rights claim, in accordance with Heck v. Humphrey, 512 U.S. 477 (1994). (*Id.*)

With this background in mind, the Court must determine whether plaintiff should be permitted to amend his claims to remove all federal claims. If plaintiff is permitted to do so, the Court must also determine whether remand is appropriate.

### *MOTION TO AMEND*

Plaintiff seeks to amend his claims to remove all allegations to federal violations (Filing No. 41). As set forth in Federal Rule of Civil Procedure 15:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a). Otherwise, a party may only amend his pleading with consent of the opposing party or by leave of court.

*Id.* Importantly, "[t]he court should freely give leave when justice so requires." *Id.* Under this "liberal amendment policy . . . a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't., 241 F.3d 992, 995-96 (8th Cir. 2001)*.

Here, plaintiff amended his complaint once prior to any response by defendants (Filing No. 22). Plaintiff seeks to amend his claims a second time to remove all allegations relating to "RICO" or other federal claims (Filing No. 41). In response, defendants argue that "Plaintiff has made it clear he will eventually file another lawsuit" alleging these claims, so plaintiff should not be permitted to dismiss them now (Filing No. 46).[1]

However, defendants do not assert that amendment is futile or any unfair prejudice will result if amendment is permitted. (*Id.*) The record before the Court shows that, while defendants have filed responsive pleadings, not all defendants have been served, no discovery has taken place, and this matter has been pending only for a matter of months. The Court finds no

---

[1] Only defendants John Stuck, John Brazda, and the City of Bellevue, Nebraska, filed this response.

-5-

undue delay or bad faith on the part of plaintiff. Rather, it appears that plaintiff will pursue other federal claims which are not yet ripe, and he wishes to pursue all of his federal claims in one action at the appropriate time (Filing No. 41). In light of these facts, the Court finds that plaintiff should be permitted to amend his claims to remove all federal allegations.[2]

However, in deciding to grant plaintiff the relief he seeks, the Court makes no determination whether plaintiff's voluntary election not to proceed with his federal claims may subsequently bar assertion or reassertion of those claims. Plaintiff is presumed to understand the consequences of his repeated requests to dismiss these claims.

### *MOTION TO REMAND*

In light of plaintiff's amendment to remove all allegations relating to RICO, wire fraud, extortion, and any other federal claim, the Court must determine whether remand is appropriate. As set forth in 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

---

[2] For purposes of this Memorandum Opinion, the Court refers to the Amended Complaint, as amended to delete all federal allegations, as the Second Amended Complaint. Because it is remanding this matter as set forth below, the Court will not require the formal filing of the Second Amended Complaint, but deems Filing No. 22 amended to delete the federal allegations.

United States for the district and division embracing the place where such action is pending." However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). The Eighth Circuit has held that "where a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (affirming decision to remand after removal). As set forth above, the Court has permitted plaintiff to amend his Amended Complaint to remove all references to RICO, wire fraud, extortion, and any other federal claim. This Second Amended Complaint supersedes the Complaint and the Amended Complaint "and renders [them] without legal effect." *Id.* Thus, for purposes of determining subject matter jurisdiction, the Court considers the Second Amended Complaint *without* any reference to RICO, extortion, wire fraud, or other federal claims (Filing No. 22).

Subject matter jurisdiction may be asserted pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th

Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Here, plaintiff does not allege that his citizenship is different from the citizenship of each defendant (Filing No. 22). Further, plaintiff does not allege an amount in controversy. (*Id.*) Thus, it is clear from the face of the Second Amended Complaint that diversity of citizenship jurisdiction is not a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). As amended and liberally construed, plaintiff does not set forth any specific actions taken by defendants which violate any constitutional right or support a claim under 42 U.S.C. § 1983 or any other federal statute. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Considering the Second Amended Complaint, and noting the removal of all claims relating to RICO, wire fraud, extortion, and any other federal claim, plaintiff asserts claims, and seeks relief, pursuant to state law only (Filing No. 22, as amended). In light of plaintiff's Second Amended Complaint, the Court lacks subject matter jurisdiction and remand is

appropriate.  *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 597-98 (8th Cir. 2002) (affirming remand of removed case where the plaintiff voluntarily dismissed all federal claims without prejudice and found that it lacked subject matter jurisdiction after dismissal).[3]  A separate order will be entered in accordance with this memorandum opinion.

        DATED this 29th day of March, 2012.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                LYLE E. STROM, Senior Judge
                United States District Court

---

[3] The Court recognizes that, under 28 U.S.C. § 1367(c)(3), it may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction," but that it is not required to remand state-law claims under § 1367(c) when only the federal claims have been dismissed.  *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002).  Indeed, "the district court maintains discretion to either remand the state law claims or keep them in federal court."  *Id.*  However, in the interests of judicial economy, convenience, fairness, and comity, the Court sees no reason to deny plaintiff's request for remand.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

\* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.