IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHANNON WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV446 |
| | ) | |
| v. | ) | |
| | ) | |
| REYNOR RENSCH & PFIEFFER, | ) | MEMORANDUM AND ORDER |
| TERRY HADDOCK, JOHN STUCK, | ) | |
| JOHN BRAZDA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiff's Motion to Reopen Time for Appeal (Filing No. 139), Motion to Amend the Complaint (Filing No. 141), and other pending motions. The Motion to Reopen Time to Appeal will be granted in part, and the Motion to Amend the Complaint will be granted. The resolutions of the remaining motions are set forth below.

### BACKGROUND

Plaintiff filed his original complaint in Douglas County District Court on November 3, 2011 (Filing No. 1-1). After the action was removed to this Court on December 30, 2011, (Filing No. 1), plaintiff filed a number of motions that may fairly be characterized as requests for an order remanding the action to the state court. (See, e.g., Filing Nos. 15, 16, 21, and 41.) In addition to these documents, plaintiff filed an

Amended Complaint on January 26, 2012 (Filing No. 22),[1] and thereafter the defendants filed Motions to Dismiss the Amended Complaint (Filing Nos. 37, 42, 44, and 47).

In a Memorandum and Order dated March 29, 2012, the Court accepted Filing No. 22 as the operative complaint, deemed it amended "to remove all federal allegations," and granted plaintiff's motion to remand the action back to the Douglas County District Court. (*See* Filing No. 58; *see also* Filing No. 41.) Evidently, plaintiff then reconsidered his preference for a remand:[2] On May 8, 2012, he appealed the Court's order remanding the action to the Douglas County District Court (Filing No. 65), and on May 21, 2012, he filed a Motion for Reconsideration of that same Order (Filing No. 69).

On November 26, 2012, the Court granted plaintiff's Motion for Reconsideration and reclaimed the action from the Douglas County District Court (Filing No. 82). The Court also gave plaintiff until December 20, 2012, "to file an amended

---

[1] It appears that plaintiff filed an Amended Complaint in Douglas County District Court on the same day that the action was removed to this Court (i.e., December 30, 2011). (*See* Filing No. 10, Ex. 1.)

[2] Plaintiff originally sought the remand to Douglas County District Court primarily because he wanted to pursue only state law claims. After securing the remand, however, he reversed himself and expressed an intention to pursue all of his state and federal claims in this action. (*See, e.g.*, Filing Nos. 69 and 82.)

complaint containing all claims, including all federal claims, against all defendants." (*Id.* at CM/ECF p. 2.)  The Court added, "In the event that plaintiff fails to do so, this matter will proceed on the claims set forth in the Amended Complaint (Filing No. 22) only." (*Id.*)  Plaintiff did not file an amended complaint within the deadline.  On December 28, 2012, defendant City of Bellevue, Nebraska, re-filed its Motion to Dismiss the Amended Complaint (Filing No. 87; *see also* Filing No. 37).

On January 7, 2013, plaintiff filed a Motion to Amend the Complaint (Filing No. 101).  In response, defendants filed objections to plaintiff's Motion to Amend (*see* Filing Nos. 102, 103, 104, and 106), and Motions for Extensions of Time to File a Responsive Pleading (*see* Filing Nos. 107, 108, 110, and 112).

On May 24, 2013, the Eighth Circuit entered a judgment stating that because plaintiff's appeal of the district court's order of March 29, 2012, divested the district court of jurisdiction to grant plaintiff's Motion for Reconsideration, "the district court is instructed to reenter its November 26, [2012,] order granting the motion for reconsideration nunc pro tunc." (Filing No. 123 at CM/ECF pp. 1-2.)  In accordance with the Eighth Circuit's judgment, on June 20, 2013, the Court reaffirmed that the plaintiff's Motion for Reconsideration (Filing No. 69) was granted.  (*See* Filing No. 124.)  In addition,

-3-

the Court denied plaintiff's January 7, 2013, Motion to Amend the
Complaint (Filing No. 101) and other pending Motions (*e.g.*,
Filing No. 104), and granted plaintiff "until July 15, 2013, in
which to file an amended complaint containing all claims,
including all federal claims, against all defendants." (Filing
No. 124 at CM/ECF p. 5.) The Court added, "In the event that
plaintiff fails to do so, this matter will proceed on the claims
set forth in the Amended Complaint (Filing No. 22) only. . . .
Defendants shall file an answer or other responsive pleading no
later than August 5, 2013." (*Id.*)

        Plaintiff failed to file a new amended complaint by
July 15, 2013. (*See* Docket Sheet.) On August 5, 2013,
defendants Stuck; Bruck; Brazda; City of Bellevue, Nebraska; City
of Omaha; Omaha Police Department; Raynor Rensch & Pfeiffer;
Heng; William Pfeiffer; John Raynor; Westland; Richard Rensch;
Sean Rensch; Kohl; and Raynor & Raynor Law filed Motions to
Dismiss the Amended Complaint, or in the Alternative, for Summary
Judgment (Filing Nos. 127, 129, 131, and 133). On August 6,
2013, defendants Newton, Foxall, and Douglas County Correction
Center filed a similar Motion (Filing No. 135). Defendant
Haddock filed a Motion to Dismiss or, in the Alternative, for
Summary Judgment on August 9, 2013 (Filing No. 137).

-4-

Plaintiff filed a number of documents in response to defendants' motions.  The Court is primarily concerned here with his "Motion Under FRAP 4(a)(6) and/or Civil Rule 77 to Reopen Time for Appeal of Doc #124; Motion to Nunc Pro Tunc Doc #124" (Filing No. 139), which was filed on August 19, 2013, and plaintiff's "Permission for Leave to File Amended Complaint Under FRCP 15" (Filing No. 141), which was filed on August 30, 2013. Hereinafter, Filing No. 139 will be referred to as plaintiff's Motion to Reopen Time for Appeal, and Filing No. 141 will be referred to as plaintiff's Motion to Amend the Complaint.

## ANALYSIS

Motions to amend pleadings are typically governed by Federal Rule of Civil Procedure 15.  Federal Rule of Civil Procedure 15(a)(1) states:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  Plaintiff cites this rule in his Motion to Amend the Complaint, arguing, "Each of the defendants

-5-

have filed FRCP 12(b)(6) and 12(b)(1) motions for failing to state a claim upon which relief can be granted.  Under FRCP 15(a)(1) [Plaintiff] files this amended motion within 21 days after service of the responsive pleading."  (Filing No. 141-1 at CM/ECF pp. 1-2.)  Plaintiff's reliance upon  Rule 15(a)(1) is misplaced because he has previously amended his complaint.  By its own terms, this rule is inapplicable.

Federal Rule of Civil Procedure 15(a)(2) states that when a party seeking to amend a pleading cannot make an amendment in accordance with Rule 15(a)(1), the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  The rule also provides that "[t]he court should freely give leave when justice so requires." Id.  Although this standard is "liberal," "parties do not have an absolute right to amend their pleadings." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008).  "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" Id. (quoting Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005)).

-6-

It is well established, however, that when a party moves for leave to amend a pleading after the deadline specified in the Court's scheduling order has passed, the party must show cause to modify the schedule before the court may grant leave to amend. *Sherman*, 532 F.3d at 716 (discussing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488 (8th Cir. 2008)). This rule "is derived directly from the plain language of [Federal Rule of Civil Procedure] 16(b), which states both that district courts must issue a scheduling order limiting the time to amend the pleadings, and that a scheduling order 'may be modified only for good cause.'" *Id.* In this case, the Court did not enter a scheduling order under Rule 16. (*See* Filing No. 7.) The Court did, however, enter an order stating that plaintiff was required to file an amended complaint on or before July 15, 2013 (Filing No. 124 at CM/ECF p. 5). The Court also stated specifically that if plaintiff failed to file an amended complaint within the allotted time, this action would proceed on the Amended Complaint filed on January 26, 2012 (i.e., Filing No. 22).

Plaintiff has not obtained leave to amend his complaint from the defendants. Moreover, he did not file an amended complaint prior to the deadline specified in the Court's June 20, 2013, Memorandum and Order. Under these circumstances, allowing plaintiff to amend his complaint pursuant to the "liberal"

-7-

standards of Rule 15(a)(2) would render the deadline established by the Court meaningless. *Cf. Sherman*, 532 F.3d at 716. The Court finds, therefore, that plaintiff must show good cause to modify the Court's deadline before he may be granted leave to amend.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716-17 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor," courts "generally . . . will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Id.* at 717 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)); *see also Rahn*, 464 F.3d at 822; *Barstad v. Murray Cnty.*, 420 F.3d 880, 883 (8th Cir. 2005); *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003).

Plaintiff has submitted an "affidavit" stating that he "was out on federal writ from May 22, 2013 until July 22, 2013;" that he "notified the clerk of the courts of [his] change of address in June 2013 when [he] arrived at Florence, AZ;" that he did not receive the Court's order of June 20, 2013, while he was in Arizona; that he received legal mail on August 12, 2013, but this mail did not include the June 20, 2013, order; and that it

-8-

is his institution's "policy to return to sender prisoner's mail
that are out on writ for over 30 days." (Filing No. 139 at
CM/ECF p. 2.)[3]

      The docket sheet does not show that plaintiff filed and
served notice of his address change in accordance with the
Court's local rules. *See* NEGenR 1.3(e), (g).[4] The Court's
records do show, however, that plaintiff's address was changed to
a post office box located in Florence, Arizona, on June 25, 2013
-- which corroborates plaintiff's assertion that he contacted the
clerk to update his address. Records also show that the Court's
order of June 20, 2013, was sent to plaintiff in Atwater,
California, but there is no indication that the order was
forwarded to plaintiff's address in Florence, Arizona.

      The first document that was mailed to plaintiff's
Florence, Arizona, address was a copy of the formal mandate
associated with the Eighth Circuit's judgment of May 24, 2013.
(Filing No. 126.) This document would not have revealed to

---

  [3] Plaintiff's "affidavit" is not notarized, nor does it
include a declaration that the facts stated therein are true and
correct "under penalty of perjury." 28 U.S.C. § 1746.

  [4] The Court notes in passing that plaintiff did previously
file notices of address changes with the Court. (*See* Filing Nos.
12 and 64.) The Court's electronic case filing system shows,
however, that plaintiff's address has also been updated during
the course of this action without such notices being filed.

plaintiff the Court's July 15, 2013, deadline for amending his complaint.  The first document that was mailed to plaintiff's Arizona address, and which also revealed that the Court gave plaintiff until July 15, 2013, to file an amended complaint, was the brief filed by defendants Stuck, Brazda, and Bruck in support of their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Filing No. 128).  This brief was filed on August 8, 2013, and sent to plaintiff's Arizona address on that date.  Plaintiff filed his Motion to Reopen Time for Appeal and Motion to Amend the Complaint promptly thereafter (i.e., on August 19, 2013, and August 30, 2013, respectively).

        The Court finds that plaintiff has exercised diligence in seeking leave to amend his complaint.  Although plaintiff has known of the claims and allegations that he seeks to add to the Amended Complaint for quite some time (*compare* Filing No. 141-1 *with* Filing No. 101), the Court is persuaded that plaintiff acted as quickly as he reasonably could after he learned of the Court's deadline for amending the complaint.  Although it is true that plaintiff has occasionally failed to meet the Court's deadlines in the past, it is not fair to say that he has lacked diligence thus far in this action.

        Certain defendants argue that they would be unduly prejudiced if plaintiff is allowed to amend his complaint,

because plaintiff would then "circumvent [their] pending Motion

to Dismiss/Motion for Summary Judgment," and the proposed amended

complaint would be futile (Filing No. 157 at CM/ECF p. 3).  The

defendants' arguments are well-taken.  It is quite true that the

defendants' pending Motions to Dismiss or for Summary Judgment

will be rendered moot if plaintiff is allowed to amend the

complaint, and it may well be true that the proposed Amended

Complaint will be susceptible to some of the arguments raised by

defendants in opposition to the operative Amended Complaint

(i.e., Filing No. 22).  However, given the Court's failure to

forward its order of June 20, 2013, to plaintiff, and given the

substantial differences between the Amended Complaint and the

proposed Amended Complaint (*compare* Filing No. 22 *with* Filing No.

141-1), the Court finds that the better course is to grant

plaintiff time within which to file his new Amended Complaint and

grant defendants time within which to file motions or answers

tailored to that new Amended Complaint.  The Court appreciates

the defendants' interest in moving this action toward

completion.[5]  Nevertheless, the Court finds that defendants will

face minimal prejudice if the new amendments do in fact fail to

---

[5] It merits mention that a number of defendants failed to
meet the Court's August 5, 2013, deadline for filing their
responsive pleadings.  (*See* Filing Nos. 124, 135, and 137.)

address the arguments that they have already advanced.  Under the unique circumstances presented here, fairness demands that plaintiff be permitted to file a new amended complaint, and defendants may of course respond by repeating their arguments in favor of dismissal and/or summary judgment.

In his Motion to Reopen Time to Appeal, plaintiff argues that the Court should either re-open the time for appeal of the June 20, 2013, order or re-enter that order (Filing No. 139 at CM/ECF p. 2).  The Court will establish new deadlines for the filing of plaintiff's amended complaint and for the filing of defendants' answers or other responsive pleadings below.  To that extent, plaintiff's Motion to Reopen Time to Appeal is granted.

IT IS ORDERED:

1.   Plaintiff's Motion to Reopen Time for Appeal (Filing No. 139) is granted in part.

2.   Plaintiff's Motion for Leave to File Amended Complaint (Filing No. 141), is granted.

3.   Plaintiff shall have 21 days from the date of this order in which to file an amended complaint containing all claims against all defendants.  In the event that plaintiff fails to do so, this matter will proceed on the claims set forth in the operative complaint (Filing No. 22).

4.   Defendants shall have 21 days from the date of the filing of plaintiff's amended complaint in which to file an answer or other responsive pleading.  If no amended complaint is filed, defendants shall have 21 days from the expiration of the deadline set forth in paragraph 3 above in which to file an answer or other responsive pleading.

5.   Defendants' Motions to Dismiss and/or for Summary Judgment (Filing Nos. 127, 129, 131, 133, 135, and 137) are denied without prejudice.

6.   Plaintiff's Motions to Strike (Filing Nos. 142 and 143) are denied as moot.

7.   Plaintiff's Motion for Summary Judgment (Filing No. 144) is denied.

8.   Plaintiff's Motion for Proof of Service (Filing No. 148) is denied as moot.

9.   Defendant Haddock's Motion to Extend Deadline (Filing No. 151) is denied as moot.

10.  Plaintiff's Motions to Oppose Defendant Haddock's Motion to Extend Deadline (Filing Nos. 163 and 167) are denied as moot.

11.  Plaintiff's Motion for Copies (Filing No. 162) is denied.  If plaintiff requires a copy of the local rules or other

-13-

documents, he should contact the clerk of the court to determine the proper method of requesting and paying for copies.

DATED this 14th day of January, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

_____

    * This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.