IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>                    Plaintiff,<br><br>vs.<br><br>RAYNOR RENSCH & PFIEFFER, *et al.*,<br><br>                    Defendants. | 8:11-CV-446<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on several motions filed by plaintiff Shannon Williams. The Court is in the process of reviewing the substantive motions in this case, including various motions for dismissal or summary judgment filed by various defendants (filings 194, 196, 198, 200, 202, and 204) and plaintiff (filing 214). The purpose of this Memorandum and Order is to resolve some of the other motions currently cluttering the docket.

## I. Motions That Are Not Motions

      Filings 206, 234, and 241 have been docketed by plaintiff as motions, but are, in fact, briefs in support of or opposition to other existing motions. The Court will fully consider the matters raised in these briefs when addressing the actual motions that are pending. But there is no reason these filings need to remain pending as "motions." Thus, the Clerk's Office will be directed to terminate these motions and re-docket them as briefs.

## II. Motion to Conduct Limited Discovery

      Plaintiff asks the Court for leave to conduct limited discovery into issues of qualified immunity. Filing 217. Qualified immunity provides officials with immunity from suit, not simply from liability. *Janis v. Biesheuvel*, 428 F.3d 795, 800 (8th Cir. 2005). Its purpose is to avoid subjecting government officials to the costs of trial or to the burdens of broad-reaching discovery in cases where the legal norms the officials are alleged to have violated were not clearly established at the time. *Id.*

      The Court's discretion to allow discovery under Rule 56(d) (formerly Rule 56(f)) is further limited when a summary judgment motion is based on qualified immunity, because insubstantial lawsuits against government officials should be resolved prior to discovery and on summary judgment if possible. *Jones v. City and Cnty. of Denver, Colo.*, 854 F.2d 1206, 1211 (10th Cir. 1988). The nonmovant must show "how discovery will enable [it] to rebut

a defendant's showing of objective reasonableness." *Id.* In other words, the nonmovant must demonstrate a "connection between the information [it] would seek in discovery and the validity of the officers' qualified immunity assertion." *Id.* And to request discovery under Rule 56(d), a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful. *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008)

Cognizant of these principles, plaintiff's motion will be denied without prejudice. Plaintiff has submitted an affidavit in support of his request, outlining various topics that he hopes to prove through discovery. Filing 216. His requests are broad-reaching, and, for the most part, vague and conclusory. Given the numerous grounds for dismissal that have been raised and briefed by all the parties in this case, it may be unnecessary to delve into these particular issues. The Court will nonetheless consider plaintiff's Rule 56(d) affidavit in ruling on the motions for summary judgment. But for now, plaintiff's motion for limited discovery is denied.

### III. Motion to Appoint Counsel

Plaintiff has requested that the Court appoint counsel. Filing 229. The Court cannot routinely appoint counsel in civil cases. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996). The Court has broad discretion to decide whether both the plaintiff and the Court will benefit from the appointment of counsel. *Id.* At this time, the Court is not convinced that appointment of counsel is necessary. Thus, the request for the appointment of counsel will be denied without prejudice.

### IV. Motion to Strike and Motion for Sanctions

Plaintiff moves the Court to impose sanctions for several alleged misrepresentations of law and fact in certain defendants' briefs. Filing 233. The primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct. *Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 392-93 (1990). But plaintiff's arguments go to the merits of the case, which are presently under consideration. His motion for sanctions is premature and will be denied without prejudice.

Plaintiff has also moved to strike several defendants' briefs on these (and other) grounds. Filing 235. Motions to strike are governed by Fed. R. Civ. P. 12(f), which provides that a court may strike "from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." (Emphasis supplied). But the matters plaintiff has moved to strike are contained in briefs, which are not pleadings. *See* Fed. R. Civ. P. 7(a). Thus, plaintiff's motion to strike will be denied. The Court will, however, consider the arguments raised in that motion when considering the pending motions for dismissal or summary judgment.

THEREFORE, IT IS ORDERED:

1. The Clerk's Office is directed to terminate filings 206, 234, and 241, and re-docket them as briefs.

2. Plaintiff's motion for limited discovery (filing 217) is denied without prejudice.

3. Plaintiff's motion to appoint counsel (filing 229) is denied without prejudice.

4. Plaintiff's motion for sanctions (filing 233) is denied without prejudice.

5. Plaintiff's motion to strike (filing 235) is denied.

6. The Clerk's Office shall mail a copy of this order to the plaintiff at his address of record.

Dated this 31st day of March, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge