IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>                    Plaintiff,<br><br>vs.<br><br>RAYNOR RENSCH & PFIEFFER, *et al.*,<br><br>                    Defendants. | 8:11-CV-446<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on the plaintiff Shannon Williams' pro se Motion to Reconsider Under Rule 59(e) (filing 254). For the reasons discussed below, Williams' motion will be denied.

    Fed. R. Civ. P. 59(e) was adopted to make clear that the Court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment. *Norman v. Ark. Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996). Accordingly, a Rule 59(e) motion serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013). Such a motion cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.* Williams' motion raises several arguments, which the Court addresses in turn.

    Williams first argues that the Court violated the applicable standards of review in granting defendants' motions for dismissal or summary judgment and denying his motion for summary judgment. Williams asserts that the Court erred in "resolving the non-jurisdictional factual challenges," that the Court "impermissibly weighed the evidence without giving [Williams] a chance to respond, or present evidence" and that the Court improperly resolved disputed issues of fact. Filing 254 at 1–2. The Court is not persuaded. As the Court explained, it resolved the motions on the pleadings, under Rule 12(b)(6), then went on to consider the evidence in the record and reached the same conclusion under Rule 56. *See* filing 251 at 4–5. And Williams' claim that the Court did not allow him a chance to respond or present evidence is without merit. Williams submitted numerous briefs and

evidentiary materials (and a verified complaint) which the Court carefully considered. *See* filing 251 at 4–5.

Next, Williams contends that the Court failed to separate his official and individual capacity claims. Filing 254 at 2. In fact, the Court carefully, and at length, analyzed all of Williams' claims against all defendants in each of their capacities. *See* filing 251 at 10–13.

Williams asserts that, contrary to the Court's findings, he has shown the prejudice required to state a claim for a violation of his Sixth Amendment right to counsel (in the supervised release proceedings). Williams argues that, were it not for the fact that the government had intercepted his strategic legal conversations with his attorney, Steve Lefler, Williams would have prevailed on the supervised release charges. Thus, Williams' argument continues, he would not have remained in jail while those charges were pending. Filing 254 at 5. But as the Court has already explained, the interception of Williams' calls to Lefler did not prejudice his defense of the supervised release proceedings.

To begin with, the Sixth Amendment did not guarantee Williams a right to counsel in the supervised release proceedings. *See* filing 251 at 22. But even if an identical right to counsel was available as a matter of due process, *see* filing 251 at 22–23, Williams has failed to show the prejudice required to state a claim for relief.[1]

To establish a Sixth Amendment violation, Williams must show two things: first, that defendants knowingly intruded into his attorney-client relationship; and second, that the intrusion demonstrably prejudiced Williams, or created a substantial threat of prejudice. *See United States v. Singer*, 785 F.2d 228, 234 (8th Cir. 1986); *see also*, *Weatherford v. Bursey*, 429 U.S. 545, 558 (1977); *United States v. Solomon*, 679 F.2d 1246, 1250 & n.8 (8th Cir. 1982); *Mastrian v. McManus*, 554 F.2d 813, 821 (8th Cir. 1977). A criminal defendant is prejudiced if, for example, the proceedings leading to his conviction were adversely affected by the intrusion, or the representation he received was adversely affected. *See United States v. Kriens*, 270 F.3d 597, 603 (8th Cir. 2001). But there is generally no prejudice where the substance of the communications with counsel are not passed on to prosecutors. *See Weatherford*, 429 U.S. at 558.

---

[1] Williams argues that the Court erred in finding that he lacked a Sixth Amendment right to counsel in the supervised release proceedings. The Court is not persuaded this finding was mistaken. Williams also argues that the Court erred in not analyzing his right to counsel in the supervised release proceedings under the Due Process Clause. Filing 254 at 10. In fact, the Court did exactly that, and found Williams' claim to be without merit. *See* filing 251 at 23.

Williams claims that the investigators in his case did, in fact, pass the contents of his calls to Lefler on to prosecutors. But the record contradicts this claim. Defendant John Stuck testified (on cross-examination by Williams' attorney) that while the calls to Lefler were monitored, the substance of those calls was not discussed with prosecutors. Filing 208 at 7–12. As a result, Williams has failed to show how the interception of his calls prejudiced his defense.

Next, Williams asserts that the Court erred in failing to credit his assertion that the supervised release proceedings were, in fact, dismissed because of the alleged constitutional violations Williams brought to the Court's attention in his motion to withdraw his plea and dismiss the Amended Petition. Filing 254 at 6–7. But Rule 12(b)(6) only requires the Court to accept as true those factual allegations that are plausible. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). And as the Court has already explained, Williams' allegations regarding the basis for dismissal of the Amended Petition lack plausibility, because his allegations are directly contradicted by the record in the supervised release proceedings—a matter properly subject to judicial notice. *See* filing 251 at 4–5, 8–9, 19–20.

The Court next erred, according to Williams, in failing to address his claim that his Sixth Amendment right to counsel was violated with regard to the Arizona state court charges. Filing 254 at 8–9. While the Court did not discuss this claim, it did not fail to consider it—the Court considered and rejected many of Williams' claims, but found it unnecessary to discuss each one. In any event, this claim is without merit. Williams has not alleged what became of these charges. The record shows that the charges were dismissed, *see* filing 251 at 7, and Williams has not alleged anything to the contrary. This claim therefore fails for the same reason as Williams' other Sixth Amendment claims: he has failed to show prejudice, and absent prejudice, there is no Sixth Amendment violation.[2] *See* filing 251 at 23.

Williams contends that the Court erred in finding that the cell phone brought by defendant Terry Haddock into the Douglas County Correctional Center ("DCCC") was contraband. Filing 254 at 11. Based on this, the Court concluded that Williams had no objectively reasonable expectation of privacy in his calls. And this, in turn, led to the dismissal of Williams' claims under

---

[2] Williams presents several other arguments addressed to Sixth Amendment prejudice. He asserts that the Court has set the bar for showing prejudice "impossibly high," filing 254 at 9, and generally contends that the Court misapplied the law in this area. *See* filing 254 at 6, 9. The Court set the bar at the level established by Supreme Court and Eighth Circuit precedent—no higher—and the Court is not inclined to explain this matter any further. Williams' additional arguments concerning prejudice, *see, e.g.*, filing 254 at 3, 9, are not persuasive and do not warrant further discussion.

the Fourth Amendment (and Nebraska's constitutional equivalent) and the federal and state wiretap acts, as well as his state-law claim for invasion of privacy.³ *See* filing 251 at 14–19, 25–26. Williams asserts that there was "not one reference in the record that the Defendant's [sic] cell phone was contraband." Filing 254 at 11.

But the record did show the following, as established by materials submitted by Williams himself. Calls from inmates at the DCCC were recorded. Filing 208 at 2. The whole point of Haddock sneaking in a phone was so that Williams could speak freely—hence Williams' willingness to pay Haddock to bring the phone to the jail. Filing 206 at 43 (citing case no. 8:09-cr-457, filing 1011 at 208); filing 208 at 15.

In granting defendants' motion for summary judgment, the Court viewed the facts in the light most favorable to Williams, and drew all reasonable inferences in his favor. But the Court was not required to abandon common sense. The DCCC required inmates to submit their calls to monitoring, Williams wished to evade this monitoring, and he did so by paying an attorney to bring a cell phone into the jail. The DCCC sought to impose a reasonable security measure which Williams sought to evade. The Court remains persuaded that society would not recognize an expectation of privacy as legitimate under these circumstances. *See* filing 251 at 15–17.

Relatedly, Williams argues that the cell phone was not contraband because the defendants were the ones who orchestrated the scheme whereby Haddock brought the cell phone to Williams. Filing 254 at 11. And, Williams asserts, a "jury would recognize [from Williams'] knowledge of these facts . . . that [Williams] reasonably expected his conversations with Lefler to become private under these circumstances." Filing 254 at 11. But Williams *didn't* know that Haddock was working for the government and recording his calls—that was the whole point of the operation. And if Williams *had* known that, then he would not even have possessed a subjective expectation of privacy, let alone an objectively reasonable expectation of privacy.

Next, Williams contends that the Court improperly relied upon the Cell Phone Contraband Act of 2010 in determining whether Williams had an expectation of privacy in calls made over the cell phone. Filing 254 at 2, 11. Contrary to Williams' argument, this did not amount to a violation of the *Ex Post Facto* Clause. That Clause generally prohibits the retroactive application of a criminal statute that changes the punishment, and inflicts a greater punishment, for a crime after it was committed. *See Peugh v. United States*, 133 S. Ct. 2072, 2077–78 (2013). Dismissal of Williams' civil claims does not

---

³ The Court also found that these constitutional and wiretap claims were barred by collateral estoppel. *See* filing 251 at 14–19.

amount to criminal "punishment." In any event, the Court's citation to the Act was merely to emphasize the nature of the dangers posed by prisoners' possession of contraband cell phones. *See* filing 251 at 16. The Court's decision, and reasoning, would remain unchanged even in the absence of the Act.

Williams asserts that the Court erred in "using the supervised release proceedings to reach the merits of his claims" and in "bas[ing] its findings of facts" on the supervised release proceedings because Williams was not allowed to appeal the dismissal of the Amended Petition. Filing 254 at 12. The Court, however, explicitly found that the supervised release proceedings were no bar to Williams' claims under either collateral estoppel or *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* filing 251 at nn.12, 17. The exception, which was barred by collateral estoppel, was Williams' claim of malicious prosecution. But on that point, the supervised release proceedings did proceed to a final judgment, which was affirmed on appeal. *See* filing 251 at 19–20.

Finally, Williams claims that the Court erred in dismissing his failure-to-minimize claim under the federal wiretap act. *See* filing 254 at 13–14; filing 251 at 17. But the Court has already rejected Williams' arguments on this point and is not persuaded its finding was erroneous.

In sum, the Court finds no manifest errors of law or fact in its previous judgment, and will deny Williams' motion for reconsideration. Accordingly,

IT IS ORDERED:

1. Williams' Motion to Reconsider Under Rule 59(e) (filing 254) is denied.

2. The Clerk's Office is directed to mail a copy of this Memorandum and Order to Williams at his address of record.

Dated this 16th day of June, 2015.

BY THE COURT:

*[signature]*

John M. Gerrard
United States District Judge